UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| MELODY ANDERSON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 3:13-CV-000989 WCL |
| LAWRENCE CURRY, MD d/b/a McKinley Medical Clinic | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Defendant, Dr. Lawrence Curry's ("Dr.Curry"), "Motion to Vacate Default Judgment" [DE 19] filed on May 14, 2014. Plaintiff, Melody Anderson ("Anderson" or "Plaintiff") responded in opposition [DE 22] and requested oral argument [DE 24] on May 21, 2014 to which Dr. Curry replied on May 30, 2014. The Court heard oral argument on the Motion on August 20, 2014 [DE 33] and indicated a written opinion would follow. For the following reasons, the Motion to Vacate Default Judgment will be DENIED.

**PROCEDURAL BACKGROUND**

Anderson initiated the instant lawsuit on September 11, 2013 alleging the defendant engaged in gender discrimination pursuant to Title VII of the Civil Rights Act of 1964 by violating the Pregnancy Discrimination Act , 42 U.S.C. §2000e-2(a), 2(k). In substance, the Plaintiff contends that Dr. Curry terminated her employment because she was impregnated by a married co-worker, Dr. Curry's close friend, and refused to either abort the pregnancy or give the child up for adoption.

As she was required to do prior to commencing suit, Anderson filed a complaint with the

1

Equal Employment Opportunity Commission. Copies of the EEOC complaint were served upon Dr. Curry at the McKinley Medical Clinic. Likewise, on July 31, 2013, EEOC Form 161 which is titled "Dismissal and Notice of Rights" and which contains the Notice of Right to Sue was mailed by the EEOC to Dr. Curry's office manager at the McKinley Medical Clinic, Carolyn Curry.[1] *See* [DE 1, Exh. 1, p. 5]. No assertion has been made in the current record that Dr. Curry was unaware of proceedings before the EEOC or that he failed to receive EEOC Form 161.[2] Form 161 specifically states that the Plaintiff's next step is to file a lawsuit in federal or state court within the time frame specified in the notice.

This is precisely what Plaintiff did. After the EEOC issued the Right to Sue notice, plaintiff filed the present Complaint and served it on Dr. Curry. Dr. Curry admits he was served with a copy of the summons and Plaintiff's Complaint on September 13, 2013. The summons contained all of the instructions for Dr. Curry to properly answer the Complaint including the name and address of Plaintiff's counsel for purpose of service of his response upon counsel and the following language: "If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer with the Court." Despite this language, Dr. Curry did not file any responsive pleading with the Court.

On October 1, 2013, Carolyn Curry mailed a certified letter to Plaintiff's counsel wherein she articulated a different series of events than those alleged in the Complaint. Dr. Curry asserted that he worked with Carolyn Curry to prepare that letter. (Affidavit of Dr. Curry, DE 20-1 ¶10). This letter, however, was not signed by Dr. Curry and was never filed with the Court. Counsel did

---

[1] Carolyn Curry is also Dr. Curry's daughter-in-law.

[2] Plaintiff's counsel represents that Dr. Curry refused to participate in the EEOC investigation.

not at any time appear on Dr. Curry's behalf.

Subsequently, on October 7, 2013, after confirming the absence of any docketed entries on Dr. Curry's behalf, Plaintiff moved for a clerk's entry of default. In light of Dr. Curry's failure to respond to the Complaint with any filing on the docket, Plaintiff's counsel, pursuant to Fed.R.Civ.P. 5(A)(2), did not serve Dr. Curry with that motion. On October 25, 2013, the Clerk entered the default and the matter was set for a damages hearing on December 18, 2013. At that hearing, Plaintiff testified as to the facts of the case as well as to the damages she sustained by her termination. Dr. Curry did not receive notice of the hearing as the Federal Rules did not require it; nor, did he at any time prior to this time contact the Court to inquire as to the status of the litigation.

Consistent with the warning in the summons Dr. Curry received, on March 21, 2014, the Court granted Plaintiff's motion for default judgment and awarded her $82,819.00 in damages from Dr. Curry. Again, Dr. Curry was not served with the default judgment pursuant to Fed.R.Civ.P. 5(A)(2). Thereafter, in an effort to collect on the judgment, Plaintiff instituted proceedings supplemental [DE 15] and the Court ordered Dr. Curry to appear. [DE 16]. The Court mailed notice to Dr. Curry on April 30, 3014. Upon receipt of this notice, Dr. Curry spoke with his personal attorney, Jim Miller, and was referred to current counsel. On May 13, 2014, current counsel appeared on Dr. Curry's behalf and filed the present Motion to Vacate Default Judgment. [DE 17-19]. As noted in the introduction, the parties briefed the motion and the Court held oral argument to discuss the merits of the motion.

**DISCUSSION**

Pursuant to Fed. Rule of Civ. P. 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed.R.Civ.P. 60(b)(1) permits a

3

court to set aside a default judgment on account of mistake, inadvertence, surprise, or excusable neglect. Fed.R.Civ.P. 60(b) (1). Relief under Fed.R.Civ.P. 60(b) is an "extraordinary remedy and is granted in only exceptional circumstances." *McKnight v. U.S. Steel Corp.,* 726 F.2d 333, 335 (7th Cir.1984); *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.,* 726 F.2d 1202, 1204–1205 (7th Cir.1984); *Tate v. Riverboat Servs., Inc.,* 305 F.Supp.2d 916, 919 (N.D.Ind.2004). Nevertheless, it is within the sound discretion of this Court to determine whether to set aside a default judgment. *McKnight,* 726 F.2d at 335; *C.K.S. Engineers, Inc.,* 726 F.2d at 1205. *See also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2693 (3d ed.2010).

When examining claims by litigants that a default judgment should be set aside, courts in this Circuit have found it appropriate that Rule 60(b)(1) be liberally applied, especially where default judgment is the result of an honest mistake rather than willful misconduct, carelessness or negligence. *Tate,* 305 F.Supp.2d at 919 ("[D]efault judgments should generally be set aside where the moving party acts with reasonable promptness, alleges a meritorious defense to the action, and where the default has not been willful."). Nevertheless, "where a defaulting party was aware of or should have been aware of its responsibilities to the opposing party and to the court, and failed to live up to those responsibilities through unexcused carelessness or negligence, the default judgment has been left intact." *C.K.S. Engineers, Inc.,* 726 F.2d at 1206. Ultimately, the burden rests with the defaulting party to demonstrate all of the following: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *See Pretzel & Stoufer v. Imperial Adjusters,* 28 F.3d 42, 45 (7th Cir.1994); *U .S. v. Dimucci,* 879 F.2d 1488, 1495 (7th Cir.1989); *Tate,* 305 F.Supp.2d at 919.

In this case, the Defendant asserts he has met all the elements to have the default judgment

set aside. With respect to the element of "good cause," Dr. Curry admits that he did not read the summons, he did not follow the directions contained in the summons, and agrees that this constitutes "neglect;"[3] however, he believes it is excusable because he has a meritorious defense and he hired counsel as soon as he was served with the Order demanding his appearance for proceedings supplemental.

In response, Plaintiff argues that Dr. Curry has failed to demonstrate good cause. Specifically, Plaintiff posits that by admitting he failed to read the summons, Dr. Curry essentially ignored the summons. And, if ignoring a summons is an "excusable" form of neglect, every circumstance would qualify as excusable neglect so as to make the exception swallow the rule. Moreover, Plaintiff points out that Dr. Curry was aware that an EEOC proceeding had been instituted involving Plaintiff, his office manager was served with Form 161 and thus, he was certainly on notice of Plaintiff's claims so as to make the summons and Complaint even less of a surprise. Plaintiff's counsel notes that Dr. Curry is a well-educated medical doctor, owns two medical clinics (Dr. Curry Aff. ¶2) and admits he had a personal attorney, Jim Miller, that he calls upon for legal advice. *Id.* at ¶21. In addition, Plaintiff requests the court take judicial notice of information contained in the Indiana Department of Insurance, Patient's Compensation Fund Database, http://www.in.gov/idoi/2614.htm#2 ("IN Dept. of Insurance, PCF"). That database, "illustrates the name and location of the doctor, type of practice, the number of medical malpractice claims filed against them and their participation with panels." *Id.* Plaintiff represents, and the Court has independently verified, that this website lists Dr. Curry and his medical clinics as participating

---

[3] There was no assertion by Dr. Curry at the hearing that English is not his first language or that he read the summons but did not comprehend it.

5

in nine (9) malpractice claims, for which he had legal counsel representing his interests. Plaintiff urges the Court to adopt this information as further proof that Dr. Curry is not uninformed when it comes to his obligations to respond to lawsuits, and that his failure to respond to the instant lawsuit constitutes willful neglect not excusable neglect.

As noted above, a district judge has broad discretion in determining whether to set aside a default judgment. *Simons v. Gorsuch*, 715 F.2d 1248, 1252–53 (7th Cir.1983). Given the facts of the present case, this court is disinclined to adopt Dr. Curry's contention that his inattentiveness to the summons constitutes excusable neglect for which good cause is shown to set aside the default judgment, Indeed, courts have noted that good cause to set aside a default is shown if a failure to respond to the summons and complaint was through inadvertence—willfully ignoring the pending litigation will not suffice. *Cracco,* 559 F.3d at 631; *Passarella v. Hilton Int'l Co.,* 810 F.2d 674, 677 (7th Cir.1987). See *United States v. Minson*, 2001 WL 741731, 2 (7th Cir. 2001) (finding district court did not abuse its discretion in upholding a default judgment where *pro se* litigant argued that inclement weather and holidays excused her failure to appear); *Lyons Partnership L.P. v. Welle,* 2010 WL 680877, *2 (N.D.Ill. Feb.22, 2010) (finding defendant's failure to respond to hearing because of cash flow problems and subsequent inability to retain counsel was not considered good cause to vacate default judgment), and *Lauer v. Dave Kieffer Tile, Inc.,* 2010 WL 411870, *2 (N.D.Ind. Jan.29, 2010) (upholding default judgment where defendant failed to show good cause because claiming that he did not know the lawsuit was against him personally and believed it was only against his company was without merit; "[s]imply stating he did not know he was personally involved is insufficient to show cause under the exacting standard of Rule 60(b)," especially considering the face of the complaint, which named him as a defendant)). Here, there is simply no

excusable explanation for Dr. Curry's inattentiveness to this lawsuit. He received the Complaint and Summons, failed to read it, and failed to take any action on it. He was aware of Plaintiff's legal contentions from the EEOC charge he received, had notice that Plaintiff had been issued a Right to Sue notice, and he has a personal attorney that he utilizes for legal matters. Simply put, failing to comply with the summons because he "didn't read it" does not qualify as "excusable" neglect.[4]

Nevertheless, Defendant points out that the Supreme Court has adopted a "flexible understanding" of excusable neglect, which encompasses situations in which the failure to comply

---

[4] To the extent Dr. Curry is attempting to assert that he passed on the responsibility for responding to the Complaint to his office manager, this fact does not relieve him from personal responsibility to see that legal matters affecting him are attended to properly. "A party served with a complaint, [can]not just 'pass it on' and 'forget about it.'" *In re Fletcher*, 1998 WL 34065285 (C.D.Ill. 1998) (citing to the 11th circuit cases *infra*). Indeed, the Rule 60(b)(1) cases consistently hold that the failure to establish "minimal procedural safeguards" to ensure the receipt of civil actions or to ensure that they are acted upon does not constitute excusable neglect to vacate a default judgment. *Sloss Industries Corp. v. Eurisol,* 488 F.3d 922, 935 (11th Cir.2007); *See also, Davis v. Safeway Stores, Inc.,* 532 F.2d 489, 490 (5th Cir.1976) (fact defendant sent complaint to its insurance company in timely manner did not constitute excusable neglect when lack of communication between defendant and insurance company for three weeks after latter received copy of complaint indicated absence of minimum procedural safeguards); *Baez v. S.S. Kresge Co.,* 518 F.2d 349, 350 (5th Cir .1975) (fact complaint received in timely manner by defendant was lost in mail en route to counsel did not constitute excusable neglect because of failure to establish minimum procedural safeguards). *See Gibbs v. Air Canada*, 810 F.2d 1529 (11th Cir.1987) (denying motion to set aside the judgment where the plaintiff served defendant's personnel and administration manager who attempted to contact the company's solicitor in charge of litigation to no avail and never followed up to ensure the solicitor received the complaint);*National R.R. Passenger Corp. v. Patco Transport, Inc.,*128 Fed. Appx. 93 (11th Cir.2005) (where defendant did not follow up with its insurance company to inquire whether it received the complaint and whether it was pursuing the complaint showed a lack of minimal procedural safeguards for responding to complaints in a legal action and did not constitute excusable neglect); *Drywall Phelps Constr. Co. v. Drywall Systems Inc. Of & Fla.,* 2007 WL 2433839 (S.D.Fla. Aug.22, 2007) (denying motion to vacate where defendant failed to show evidence to establish that it had any minimum procedural safeguards in place or that any procedural safeguards were violated by its registered agent who delayed forwarding complaint to defendant's offices and failed to inform it about the contents or significance of the complaint); *Clinical Reference Laboratory, Inc. v. Salugen Biosciences, Inc.,* 2013 WL 1816352, 2 (D.Kan.,2013) (finding the defendants' assertion that they did not timely appear and defend because prior to the entry of default, they did not receive information about the lawsuit from the resident agent, weighed against a finding of excusable neglect).

7

with a filing deadline is attributable to ordinary negligence. *Tate,* 305 F.Supp.2d at 919–20 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 389 (1993)). In support of his position, Defendant cites the Seventh Circuit's decision in *A. F. Dormeyer Co. v. M. J. Sales & Distributing Co.,* 461 F.2d 40 (7th Cir. 1972), wherein the Seventh Circuit concluded that the district court abused its discretion when it found that the defendant's attorney's failure to file a copy of his answer with the court was not attributable to "mistake" and "excusable neglect" to set aside the default judgment. There, unlike here, the defendant received the complaint and summons and immediately hired counsel in New York. The New York attorney, unfamiliar with Illinois practice, mailed a copy of the answer to plaintiff's counsel but failed to appear in the action or file the answer with the clerk. Once the default judgment was entered, the Defendant moved to vacate the default judgment. The Seventh Circuit in reversing the district court explained, "[w]e find considerable merit in the defendant's argument that 'in situations such as are here disclosed,' courts should be 'reluctant to attribute to the parties the errors of their legal representatives.'" *A.F. Dormeyer*, 461 F.2d at 43.

This court has reviewed the Seventh Circuit's conclusion in *Dormeyer* and finds it inapposite in the present case. Unlike in *Dormeyer*, where the defendant reasonably relied on counsel to comport with the summons and file the appropriate documents with the Court, here the Defendant made absolutely no effort to file any document with the Court, contact the Court, or obtain counsel. Rather, he sat on his hands and did nothing. "When the party is blameless and the attorney is at fault, the former interests control and a default judgment should ordinarily be set aside. When the party is at fault, the latter interests dominate and the party must adequately defend its conduct in order to show excusable neglect. *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*

8

843 F.2d 808, 811 (4th Cir. 1988). In this case, it is undisputed that Dr. Curry is entirely at fault. Certainly,"[b]eing served the complaint is a clear indication a formal proceeding has begun and the parties require counsel to respond." *Misch v. Hebron Plumbing and Heating, Inc.,* 2010 WL 2539435 (N.D.Ind. 2010). Dr. Curry admits he did not read the summons nor did he hire counsel. While he did, apparently, direct his office manager to write a letter to plaintiff's counsel, he did not sign the letter and defense counsel was under no obligation to guess if it was a "responsive pleading" from the Defendant.

Nonetheless, Dr. Curry contends that despite all of the above, as an inexperienced layperson, he should be accorded liberal treatment and allowed to defend this action even with his obvious neglect of the current litigation. The Plaintiff, however, notes that Dr. Curry is no stranger to litigation. Indeed, she points out that Dr. Curry has employed counsel on numerous occasions when faced with medical malpractice claims and requests the Court take judicial notice of the government database that compiles that information.

Generally speaking, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources who accuracy cannot reasonably be questioned." Fed R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed.R.Evid. 201(c)(2). The contents of government websites are a proper item of which to take judicial notice. *Denius v. Dunlap,* 330 F.3d 919, 926 (7th Cir.2003). Here, the records of the IN Dept. of Insurance, PCF are a proper item from which the court can glean some insight into Dr. Curry's contention that he was inexperienced in defending lawsuits and unaware of the need to respond or hire counsel to defend him in this

9

action. As noted by Plaintiff, the website's database shows that Dr. Curry routinely obtains counsel to represent his interests when faced with medical malpractice claims. In light of Dr. Curry's attentiveness to other legal matters, the Court finds this argument disingenuous. The uncontested facts here are that Dr. Curry did not read the summons and made no attempt to comply with the requirement that he file an answer with the Clerk.

Finally, Dr. Curry asserted at the hearing that, to date, this case has been an "ambush." The Court finds this argument disingenuous as well. Prior to filing suit, Plaintiff complied with the administrative requirements of filing an EEOC charge and serving her EEOC complaint on Dr. Curry. He then had an opportunity to respond to the EEOC charge. It is unclear whether Dr. Curry complied with this process or not. Plaintiff's counsel represented he did not; defense counsel indicated at the hearing that Dr. Curry "may have" written a letter to the EEOC. Regardless, Dr. Curry was certainly made aware that the Plaintiff claimed she was terminated for pregnancy discrimination. Moreover, once the EEOC proceedings were terminated, Dr. Curry received Form 161 which specifically indicates that the next step for the plaintiff is to file suit. Next, he was served with the Complaint and summons from this Court which, once again, made him aware of the Plaintiff's claims. Third, he directed his office manager to write a letter to Plaintiff's counsel, a further acknowledgment that he was aware of the case and not "ambushed." Fourth, he asserts that Plaintiff's counsel was under some compulsion to notify him that he was seeking a default. That is simply not so under the Federal Rules of Civil Procedure. Here, Plaintiff's counsel did everything he was required to do pursuant to the Federal Rules and thus, cannot be said to have "ambushed" the defendant.

In conclusion, the Court concludes that Dr. Curry has failed to meet his burden of

demonstrating good cause to set aside the default judgment in this case. The "neglect" acknowledged by Dr. Curry in this case amounts to a willful disregard of the litigation and cannot be deemed excusable. To hold otherwise would invite all defendants to ignore a summons (or not read it) and receive relief after the plaintiff had gone through the time and expense of obtaining a default judgment. Accordingly, the Defendant's Motion to Set Aside the Default Judgment is DENIED.

## **CONCLUSION**

The Defendant's Motion to Set Aside the Default Judgment is DENIED. [DE 19].

Entered: This 29th day of September, 2014

s/ William C. Lee
United States District Court
